318 P.2d 1106

Leda COMBE, Plaintiff and Appellant,

v.

UTAH CONSTRUCTION CO., Defendant and Respondent.

No. 8705.

Supreme Court of Utah.

Dec. 10, 1957.

Dean N. Clayton, Keith E. Murray, Ogden, for appellant.

C. Preston Allen, Grant C. Aadnesen, Salt Lake City, for respondent.

WADE, Justice.

This is an appeal by Leda Combe, plaintiff below and appellant herein, from a directed verdict of no cause for action on her claims for damages to real property which she alleged was caused by the negligence of the Utah Construction Co., respondent herein, in building a detour road crossing Wheeler Creek in Weber County, Utah, and failing to install a sufficiently large culvert to carry the waters in said creek so that its water ran over the detour and backed onto appellant's lands, damaging the cabins built thereon.

Viewing the evidence in the light most favorable to appellant, as it is conceded we must do in the case of a directed verdict, the following appears from the evidence: Appellant's cabins were located at the mouth of Wheeler Canyon, a branch of Ogden Canyon, in Weber County, Utah. The south boundary line of the old Huntsville road which ran in an easterly and westerly direction constituted the northern boundary of appellant's property. A small creek flowed down Wheeler Canyon and entered the Ogden River just below Pine View Dam. This creek before December 23, 1955, followed a channel which ran east of appellant's property. Before that date and before respondent had built its earth-filled detour south of the old Huntsville road, Wheeler Creek, where it crossed this road, passed through a large six by 12 foot cement culvert which in the past had adequately taken care of the heavy flow of water during all seasons of the year. This culvert was located north of

appellant's property and was at a lower elevation. The detour, where it crossed Wheeler Creek, was about 15 feet south of the old Huntsville highway at that point. However, appellant's cabins were located at an elevation at least two feet higher than the top of this detour. A much smaller culvert, about 30 inches in diameter, designed to take care of 40 second feet of water, was installed under the detour road where it crossed Wheeler Creek.

About the last week in December, 1955, a heavy rain and snowstorm occurred. By late afternoon of December 23, Wheeler Creek was discharging about 70 second feet of water and had cut in two and washed out respondent's detour at its lowest point near where it crossed that creek. Before the detour was washed out the waters from the creek were running through the windows of the foundation of an old burned down building on appellant's property. This building was located at a point at least two feet higher in elevation than the top of the detour and the cabins were located at an even higher point. Inasmuch as plaintiff's cabins were at least two feet higher than the detour road which was acting as a dam to the flow of the water, there would have had to be a "head" or depth of water of at least two feet flowing over the road before it would have had any effect in backing water up into plaintiff's cabins. There is no indication in the evidence that any such condition obtained. After the detour was washed out the water did not back up further. The storm continued and increased in intensity until by December 25, the flow had reached 211 second feet, which it maintained until December 28, when the flow receded substantially. During this time about 500 feet upstream and 9½ feet higher in elevation than the top of the detour road, the old stream bed became clogged up during the storm with the tree stumps, rocks and debris so that the water overran its banks and spread out with the result that Wheeler Creek changed its course so that it flowed west of its original channel. Appellant's own evidence showed that a great deal of debris and "good sized rocks and pieces of roots and other things had been washed down" on the floors of the cabins where the pressure of the water, which had evidently come downstream from the south, had dislocated the paneling within the cabins.

The heavy rocks, logs and debris found in the cabins could only have been brought down by the velocity of heavy streams of water and not by the mere backing up of water. In view of this, and the fact that appellant's cabins were located on a higher elevation than the top of the detour road, and from the evidence that the clogging at the point of diversion of Wheeler Creek about 500 feet upstream from the detour road had caused that stream to overflow its banks and form other streams of water west of its original channel, it would be unreasonable to find that the building of

100

the detour and failure to install a sufficiently large culvert to take care of all waters in any way contributed to cause appellant's damages. So we hold as a matter of law such damages were not caused by respondent's actions. The court, therefore, did not err in directing a verdict of no cause for action.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, WORTHEN and HENRIOD, JJ., concur.